UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, et al., | No. 1:21-cv-00944-TLN-CSK |
| Plaintiffs, | |
| v. | **ORDER** |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | |
| Defendants. | |

This matter is before the Court on Defendants and Counter-Claimants Zurich American Insurance Company and American Guarantee and Liability Insurance Company's ("Defendants") Bill of Costs. (ECF No. 98.) Defendants seek costs in the total amount of $6,369.25. (*Id.* at 1.) Plaintiffs and Counter-Defendants Nationwide Mutual Insurance Company and Amco Insurance Company ("Plaintiffs") filed objections to the Bill of Costs. (ECF No. 99.) Specifically, Plaintiffs object to Defendants' request for a mediator fee in the amount of $3,175, arguing mediator fees may not be taxed. (*Id.* at 2.) Plaintiffs also object to the $231.75 that Defendants request for an "Ace Attorney Service fee," which Plaintiff argues lacks sufficient information and documentation showing it was a necessary expense. (*Id.*) Defendants filed a response. (ECF No. 100.)

///

1

1        Under Federal Rule of Civil Procedure ("Rule") 54(d)(1), the prevailing party in a lawsuit
2 may recover its costs, other than attorney's fees, "[u]nless a federal statute, [the civil rules], or a
3 court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a
4 presumption in favor of awarding costs to a prevailing party, but vests in the [Court] discretion to
5 refuse to award costs." *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th
6 Cir. 2000). If the Court declines to award costs to the prevailing party, the Court must "specify
7 reasons" for denying costs. *Id.* However, the Court need not "specify reasons for its decision to
8 abide [by] the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*,
9 335 F.3d 932, 945 (9th Cir. 2003).

10        A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. §
11 1920 and, in this District, by Local Rule 292. 28 U.S.C. § 1920 (specifying taxable costs); L.R.
12 292(f) (same); *see also Crane-McNab v. Cnty. of Merced*, No. 1:08-cv-1218-WBS-SMS, 2011
13 WL 794284, at *1 (E.D. Cal. Mar. 1, 2011) ("Rule 54(d) (1) of the Federal Rules of Civil
14 Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally
15 subject to limits set under 28 U.S.C. § 1920."). 28 U.S.C. § 1920 enumerates which fees and
16 expenses the Court may tax as costs. Local Rule 292(a) prescribes that "[c]osts shall be taxed in
17 conformity with the provisions of 28 U.S.C. § 1920," and Local Rule 292(f) provides a list of
18 specific fees and expenses that are taxable as costs. L.R. 292(a), (f).

19        Plaintiffs' objections are unpersuasive. *See Save Our Valley*, 335 F.3d at 945 ("[T]he
20 losing party must show why costs should not be awarded."). As to Plaintiffs' first objection to
21 the requested mediator fees, Plaintiffs cite a single, out-of-circuit case to support their argument
22 that mediator fees may not be taxed. (ECF No. 99 at 2 (citing *Brisco-Wade v. Carnahan*, 297
23 F.3d 781, 782 (8th Cir. 2002)).) Plaintiffs do not provide any analysis of *Brisco-Wade*, and the
24 case is distinguishable from the instant case. In *Brisco-Wade*, the Eighth Circuit held a district
25 court abused its discretion in taxing mediator's fees because: (1) "the Eastern District of Missouri
26 Local Rules do not permit prisoner civil rights cases to be referred for mediation"; and (2) the
27 court "found no statutory authority (nor did the district court cite to any) permitting the taxation
28 of mediation fees in [§] 1983 litigation." 297 F.3d at 782. Not only is the instant case not a

1 | prison civil rights case, but Plaintiffs fail to discuss this Court's Local Rules or cite any authority
2 | from this District. Accordingly, the Court OVERRULES Plaintiffs' first objection.

3 |       As to Plaintiffs' second objection to the "Ace Attorney Service fee," Plaintiffs again cite a
4 | single, out-of-circuit case to argue the claimed cost lacks sufficient documentation. (ECF No. 99
5 | (citing *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001)).) Plaintiffs again
6 | fail to provide meaningful analysis of their cited case and fail to cite authority from this District.
7 | Moreover, in response, Defendants provide supplemental documentation to support their request
8 | of these fees. (ECF No. 100.) Therefore, the Court OVERRULES Plaintiffs' second objection.

9 |       For the foregoing reasons, the Court GRANTS Defendants' Bill of Costs in the amount of
10 | $6,369.25. (ECF No. 98.)

11 |       IT IS SO ORDERED.

12 | Date: April 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE